467 So.2d 862 (1985)
Cornelius KINSEY, Plaintiff-Appellant,
v.
Eddie DIXON et al., Defendants-Appellees,
Troy E. Bain, Intervenor-Appellee.
No. 16845-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*863 Barry E. Edwards, A Professional Law Corporation by Barry E. Edwards, Shreveport, for plaintiff-appellant, Estate of Cornelius Kinsey.
Bain & Burt by Troy E. Bain, Shreveport, for intervenor-appellee.
Before MARVIN and FRED W. JONES, Jr., JJ., and PRICE J. Pro Tem.
FRED W. JONES, Jr., Judge.
Cornelius Kinsey filed suit for personal injuries against Eddie Dixon, his insurer and her underinsured motorist carrier. Plaintiff's attorney received settlement offers of $5,000 (the policy limit) from Dixon's insurer and $10,000 (policy limit: $15,000) from her underinsured motorist (UM) carrier. Before deciding whether she would accept the offers, plaintiff died of an unrelated illness. Shortly after her death, her executor petitioned to be substituted in the lawsuit as plaintiff and his attorney moved to be made counsel of record. Soon after enrolling, counsel for the succession accepted the settlement offers negotiated by plaintiff's attorney. After complying *864 with La.R.S. 37:218,[1] the original plaintiff's attorney intervened in the lawsuit seeking reimbursement of his expenses and one-third of the settlement pursuant to his contingent fee contract with the deceased. The settlement funds were paid into the registry of the court and all funds were disbursed except the portion claimed by intervenor. After a hearing, the trial judge in written reasons for judgment ruled for intervenor. The succession appealed. We affirm for the following reasons.
The facts are best viewed chronologically:

5/2/80 Accident
7/2/80 Plaintiff hired intervenor
2/14/81 Defendant's insurer offered $5,000
3/17/81 Plaintiff's UM insurer offered
 $10,000
5/1/81 Suit filed to interrupt prescription
5/28/81 Answer filed by UM insurer
12/23/81 Plaintiff died
1/19/82 Offer confirmed still open in letter to
 intervenor by attorney for UM
 insurer
1/20/82 Offer confirmed still open in letter to
 executor by attorney for UM insurer
1/21/82 Attorney for estate accepts offer
 from UM insurer
1/24/82 Attorney for estate accepts offer
 from defendant's insurer

Two additional facts are clear from the record. During the time that elapsed between the original offers and the death of plaintiff, she made numerous trips to the doctor and had numerous conferences with her attorney. The trips to the doctor made her assume that she might require an operation and made her reluctant to settle. Secondly, after suit was filed to interrupt prescription both insurance companies reiterated that they would settle for the amounts previously discussed.
The estate has resisted the claims made by the intervenor based on two arguments of law. First, it asserts that a contract with an attorney is a contract of mandate that is terminated by death. Second, the estate claims that the intervenor is not entitled to a contingent fee but a fee measured by quantum meruit which is properly measured on an hourly basis. The intervenor rejoins that he is entitled to be paid under the contract or, alternatively, that quantum meruit in this situation is most properly measured by his substantial compliance with the contingent fee contract. Intervenor further points out that he did not keep time sheets since he accepted this case on a contingent basis.

MANDATE
A contract for legal services is a contract of mandate which is terminated by operation of law upon the death of the principal or mandatory. Due v. Due, 342 So.2d 161, 164-5 (La.1977); La. Civil Code article 3027. The only exception to termination at death is a contract of mandate which constitutes a "power coupled with an interest." A contingency fee contract is a "mere interest in the exercise of the power" of mandate and is not a power coupled with an interest in the property. Montgomery v. Foreman, 410 So.2d 1160, 1167 (La.App. 3d Cir.1982). Consequently, a contingency contract terminates at the death of the principal.

QUANTUM MERUIT
Since the contract is terminated, the cause of action is in quantum meruit rather *865 than in enforcement of the contract. "The phrase, quantum meruit, means as much as he deserved." Smith v. West Side Transit Line, Inc., 313 So.2d 371, 378 (La.App. 4th Cir.1975), writ denied 318 So.2d 43. "The determination of an attorney's legal compensation under a quantum meruit analysis is predicated upon an evaluation of the facts in the record and an application of the criteria listed in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility." Fowler v. Jordan, 430 So.2d 711, 715 (La. App. 2d Cir.1983). Quantum meruit does not pretermit a contingency fee. On the contrary, "the discharged attorney ... may enforce the privilege accorded him by R.S. 37:218 and recover whatever fee he has earned which is not clearly excessive, up to the contractual maximum ..." Saucier v. Hays Dairy Products, Inc., 373 So.2d 102, 117 (La.1979).
In the case before us, we do not have two attorneys both trying to collect a contingency fee as in Saucier. We merely have one attorney who seeks just compensation for his efforts which included all aspects of the case leading to the settlement, excluding only the consent of his client. The sole effort expended by the estate was to accept the settlement offers outstanding. The attorney for the estate claims no part of the fee. Considering the factors of DR 2-106(B), we find that the fee awarded by the district court was reasonable, not excessive, and "what he deserved."
For the foregoing reasons, we affirm the judgment of the trial court, with the costs of appeal assessed to appellant.
NOTES
[1] § 218

By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.