MADELEINE M. LANDRIEU, Judge.
The plaintiffs, Jill and Claud Brown, appeal the trial court’s judgment awarding attorney’s fees to their former counsel, Robert Lehman. For the reasons that follow, we reverse.
FACTS AND PROCEEDINGS BELOW
On August 28, 2007, Mr. Lehman filed a petition on behalf of the plaintiffs against their insurer, ANPAC Louisiana Insurance Company, alleging that ANPAC had failed to fairly adjust and timely pay the Browns’ claim for Hurricane Katrina damage to their property. Subsequently, Mr. Lehman filed a “Motion to Withdraw as Counsel of Record,” asserting that the Brown’s had terminated his representation of them in March, 2009, after his repeated attempts to obtain information from them for purposes of responding to discovery had been unsuccessful.[1] The trial court signed an order permitting Mr. Lehman to withdraw on July 28, 2009. On April 8, 2010, Mr. Lehman filed a “Motion to Set Fees” asserting that the Browns had set-tied their claim against ANPAC and that settlement proceeds had been tendered to them, but there existed a dispute between Lthe Browns and Mr. Lehman regarding the amount of legal fees owed to him.[2] In his motion, Mr. Lehman requested a hearing for the purpose of having the trial court set an appropriate legal fee. The record contains no evidence that such a hearing was held.[3] However, on November 29, 2010, Mr. Lehman filed a “Request for Ruling on Motion for Attorney’s Fees” asserting that his motion to set fees had been heard on two separate days in May but had not been ruled upon. Considering this request, the trial court rendered a written judgment on December 17, 2010. That judgment awarded Mr. Lehman $12,300.00 in attorney’s fees and ordered ANPAC to pay that amount, plus all costs incurred in bringing the motion, directly to Mr. Lehman and to pay the remainder of the $41,000.00 settlement directly to the Browns.[4] The Browns have filed a sus-pensive appeal from that judgment.
ISSUES
On appeal, the Browns argue that, subsequent to his withdrawal from the lawsuit, Mr. Lehman had no standing to file a motion to set attorney’s fees without first having filed a petition to intervene. Alternatively, they contend that the trial court *1167 erred by awarding Mr. Lehman what amounts to a 30% contingency fee in the absence of a written contingency fee contract.
|sDISCUSSION
We find that the trial court committed legal error by rendering a judgment in favor of Mr. Lehman, a non-party, in the absence of a petition for intervention. Louisiana Code of Civil Procedure article 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.
An intervention is an incidental demand which “shall be commenced by a petition....” La. C.C.P. arts. 1031-1032. The filing of an incidental demand after the answer to the principal demand has been filed requires leave of court. La. C.C.P. art. 1033.
These articles provide the appropriate procedural vehicle by which a party’s former attorney, who has withdrawn from the lawsuit after being discharged by his client, may seek payment of attorney’s fees owed to him for his prior representation. See, e.g.: Robichaux v. Cade, 357 So.2d 849 (La.App. 4th Cir.1978); Harvey v. Cole, 2002-1704 (LaApp. 4 Cir. 4/30/03), 845 So.2d 591. Once an intervention has been filed, the party formerly represented by the intervenor is entitled to a hearing to assert whatever defenses he might have to the attorney’s claim for his fee. Robi-chaux, 357 So.2d at 852. Other than an intervention, we |4have found no procedural device contained in the Code of Civil Procedure that authorizes the trial court to consider an issue brought by a non-party to the -litigation.[5]
In defense of the trial court’s judgment, Mr. Lehman argues that attorneys routinely file motions with respect to issues directly related to them even though they are not parties to the action. This argument ignores the fact that, with the exception of those filing motions to enroll as counsel, these attorneys are still engaged in representing parties to the lawsuit. In the instant case, however, Mr. Lehman had withdrawn from his representation of the plaintiffs. Mr. Lehman has not cited any cases, nor have we found any, in which an attorney who has withdrawn has sought his fee other than by means of filing a petition for intervention.
Moreover, even if we could ignore the procedural infirmity in the trial court’s judgment, we are unable to review the merits of the trial court’s decision regarding Mr. Lehman’s fee in the absence of a transcript of the hearings below, which is not included in the record. Without a transcript, this court is unable to review any evidence, documentary or testimonial, that was considered by the trial court in reaching its decision.
CONCLUSION
Accordingly, we reverse the judgment of the trial court.
REVERSED

. Mr. Lehman also filed a "Notice of Attorney's Claim for Services Rendered.”

. This motion was accompanied by a memorandum in support with exhibits. Mr. Lehman represented that ANPAC had tendered a settlement check in the amount of $41,000.00 payable jointly to him and the Browns.

. The record contains a signed order by the minute clerk setting a hearing for May 21, 2010. In their oral arguments on appeal, the parties represented that they appeared before the trial court on that date for a hearing and were ordered by the trial court to return the following week, on May 27, 2010, at which time they completed the hearing on the issue of attorney’s fees, but the record contains no transcript of either hearing.

.The trial court noted in the judgment that the structured payment was being ordered to alleviate the necessity of having the disputing parties named as payees on the same check.

. Nothing prevents an attorney from filing a separate action against his former clients to recover attorney's fees. See, e.g., Gold v. Granger, 2006-859 (La.App. 3 Cir. 12/29/06), 947 So.2d 835. Such was not done in the instant case.