ROSEMARY LEDET, Judge.
| iThis appeal arises out of a pre-trial dispute regarding attorney’s fees and costs. Attempting to preserve their alleged rights to recover such fees and costs, the plaintiff, Robin Lawyer, and her attorney, the law firm of Roussel & Clement, APC (the “Roussel Firm”) (collectively the “Intervenors”) filed an intervention in this asbestos exposure case. In response, the three co-plaintiffs and several defendants filed peremptory exceptions of no cause and no right of action. From the trial court’s judgment sustaining the exceptions and dismissing the intervention, the Inter-venors appeal. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On October 12, 2009, Wayne Joseph St. Pierre, Sr., was diagnosed with mesothelio-ma. On October 30, 2009, Mr. St. Pierre and his third wife, Ms. Lawyer, entered into a “Retainer Agreement and Contract of Employment” with the Roussel Firm, which provided for a 40% contingency fee (the “Contingency Fee Agreement.”) The Roussel Firm recorded the Contingency Fee Agreement in the public records in the Parish of Orleans. On November 12, 2009, Mr. St. Pierre | ^commenced this suit against multiple defendants seeking to recover damages arising out of his exposure to asbestos. On December 18, 2009, Mr. St. Pierre died from mesothelioma.
Following Mr. St. Pierre’s death, his surviving spouse, Ms. Lawyer, and his three surviving children from his two prior marriages — Wayne St. Pierre, Jr.; Gisele St. Pierre Schober; and Cherie St. Pierre *1006 (collectively the “St. Pierre Children”)— were substituted as plaintiffs. All four plaintiffs asserted claims for survival and wrongful death damages under La. C.C. arts. 2315.1 and 2315.2.
The instant dispute, which relates only to the survival action, arose because the surviving spouse and the surviving children retained separate counsel. Following Mr. St. Pierre’s death, Ms. Lawyer continued her attorney-client relationship with the Roussel Firm under the Contingency Fee Agreement, which she and Mr. St. Pierre signed.[1] The St. Pierre Children retained the firm of Martzell & Bickford, A.P.C. (the “Bickford Firm”). Citing the involvement of separate counsel and the necessity to engage in separate settlement negotiations with each group of plaintiffs, Albert L. Bossier, Jr., and Melton Garrett (two of the “Avondale Interests Defendants”),[2] filed a Motion for Order Governing Allocation of Damages and Determination of Credits for Settlements in Survival Action. Mr. LBossier and Mr. Garrett moved for an order that any damages awarded in the survival action would be divided equally among the four La. C.C. art. 2315.1 beneficiaries, one-fourth share each (25%). Ms. Lawyer opposed that motion and contended that, as the surviving spouse in community, she was entitled to receive a five-eighths share of any such damages (62.5%) and that the St. Pierre Children should only receive one-eighth shares each (12.5%). Ms. Lawyer further argued that the proposed order, providing for an equal division of one-fourth share to each plaintiff, would interfere with the Contingency Fee Agreement. The interference, she contended, was that it would reduce the amount of damages to be awarded to Ms. Lawyer without taking into account the independent interest of the Roussel Firm, as the attorney for Mr. St. Pierre and Ms. Lawyer, under La. R.S. 37:218.
Disagreeing with Ms. Lawyer, the trial court on November 18, 2011, entered the following order:
Any damages awarded by the jury in the survival action will be apportioned equally among the four plaintiffs. Further, any credits for settlements will be determined and applied with respect to the survival action plaintiffs in the following manner:
(1) The jury will be instructed to render a verdict reflecting the total amount of damages assessed for the pre-death injuries of Wayne Joseph St. Pierre, Sr.;
(2) The Court will then apportion the total survival action damages awarded among the plaintiffs by heads, allocating to each plaintiff a one-fourth virile share of the total damages awarded;
(3) The Court will then reduce each plaintiffs one-fourth virile share of the total survival action damages awarded by the virile share attributable to any defendant found liable by the trier of fact with whom that plaintiff has settled, and will render judgment accordingly. |4(4) Nothing in the Order shall in any way affect the rights of counsel for *1007 plaintiffs pursuant to LSA R.S. 37:218 or other applicable laws.
The last paragraph of the order, preserving the rights of plaintiffs’ counsel “pursuant to LSA R.S. 37:218 or other applicable laws,” was added to address Ms. Lawyer’s objections. The trial court denied ex parte Ms. Lawyer’s motion for new trial on its ruling regarding the allocation of damages. Both this court[3] and the Louisiana Supreme Court[4] denied Ms. Lawyer’s writ application seeking review of the trial court’s ruling regarding the allocation of damages.
Meanwhile, on November 4, 2011, Ms. Lawyer and the Roussel Firm filed a petition of intervention in which they averred:
• Pursuant to LSA-R.S. 37:218, the law firm of Roussel & Clement acquired an interest in the subject matter of the above captioned lawsuit and a special privilege to take rank as a first privilege for attorney’s fees outlined in a contract signed by Wayne Joseph St. Pierre and Robin Lawyer on October 30, 2009. (Exhibit No. 1 [Copy of Contingency Fee contract]). The contract has been filed with the clerk of court in the Parish of Orleans. In addition, Robin Lawyer has an interest in recovering the costs and expenses she has incurred and/or paid with regard to the prosecution of the claim as well as an interest in the costs and expenses she will incur and pay.
• The law firm of Roussel & Clement intervenes into these proceeding [ (sic) ] for its attorney’s fees pursuant to LSA-R.S. 37:218 or other applicable laws and Robin Lawyer intervenes for the costs and expenses she has incurred and/or paid with regard to the prosecution of the claim as well as for the costs and expenses she will incur and pay.
• No settlement, compromise, discontinuance or other disposition of this matter are valid without the attorney fee interest of the law firm of Roussel & Clement being paid pursuant to LSA-R.S. 37:218 or other applicable laws and the costs incurred and/or paid satisfied.
In the petition, the Intervenors prayed for attorney’s fees, costs, and expenses.
| sin response, the St. Pierre Children filed peremptory exceptions of no cause and no right of action.[5] The St. Pierre Children contended that the Roussel Firm lacked standing under La. R.S. 37:218 to assert a claim against them because that statute applies only to an attorney’s client and the St. Pierre Children were never the Roussel Firm’s clients (it neither represented them nor had a written contract for legal services with them). As to Ms. Lawyer, the St. Pierre Children contended that she lacked standing to intervene under La. R.S. 37:218 and that nothing under that statute “provides for recovery of costs and expenses.”
The Avondale Interests Defendants also filed peremptory exceptions of no cause and no right of action. The Avondale Interests Defendants contended that because the Roussel Firm never had a contingency *1008 fee contract with the St. Pierre Children, the Roussel Firm lacked a right of action against either the St. Pierre Children or the opposing parties as to the proceeds the St. Pierre Children might receive. The Avondale Interests Defendants further contended that neither R.S. 37:218 nor any other provision of law would permit the Intervenors to assert a privilege against the proceeds of the St. Pierre Children’s survival action claim, to interfere with settlement agreements the St. Pierre Children might choose to make, or to recover the Roussel Firm’s contingent fee from the Avondale Interests Defendants or any other defendant-in-intervention because of payments made in satisfaction of the St. Pierre Children’s claims.
| (¡As to Ms. Lawyer, the Avondale Interests Defendants contended that she lacked standing to intervene under La. C.C.P. art. 1091 because she was already a party to the suit, and that she lacked standing under La. R.S. 37:218 because she was not an attorney. They further contended that the claims Ms. Lawyer was seeking to assert — costs and expenses that she has incurred and/or paid or will incur and/or pay — were claims for litigation costs and substantive tort damages that were encompassed by her main demand. They still further contended that she was required to assert such claims in her main demand, and that she has in fact done so.
Four other defendants — the McCarty Corporation; Eagle, Inc.; OneBeacon American Insurance Company; and American Employers Insurance Company— adopted the Avondale Interest Defendants’ exceptions. (For ease of reference, the Avondale Interests Defendants and these four other defendants are collectively referred to as the “Exceptor-Defendants.”)
On January 27, 2011, the trial court granted the exceptions of no cause and no right of action filed by the St. Pierre Children and the Exceptor-Defendants and dismissed the Intervenors’ Petition of Intervention with prejudice. In its judgment, the trial court included an order that the Intervenors have no right to “approve, interfere with or nullify any settlement” that may be entered into between the Ex-ceptor-Defendants and the St. Pierre Children. In its reasons for judgment, the trial court stated:
Robin Lawyer and her attorney have intervened in this matter to assert the contingent fee privilege that is allegedly provided to the Roussel |7firm by La. R.S. 37:218 and the terms of the contingent fee contract entered into between those parties.
The rights provided under La. R.S. 37:218 pertain to parties to the contingent fee contract. The remedies do not extend beyond the four corners of the contingent fee contract — they only apply to the attorney’s client and the settlement funds that the client might receive. The statute does not permit an attorney to prevent, to interfere with, or to nullify any settlement the client might choose to make, much less a settlement entered into by a litigant who was never the attorney’s client.
Additionally, Robin Lawyer is already a plaintiff in this lawsuit. There is no basis upon which Lawyer is allowed to intervene.
From this judgment, the Intervenors appeal.[6]
*1009 DISCUSSION
A de novo standard of review applies to a trial court’s ruling sustaining the peremptory exceptions of no cause and no right of action. Alderice v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 12-0148, p. 4 (La.App. 4 Cir. 7/25/12), — So.3d —, —; Hornot v. Cardenas, 06-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798. The exceptions of no cause and no right of action both present questions of law; thus, appellate review of those exceptions involves determining whether the trial court was legally correct in sustaining such exceptions. Alderice, supra; Peneguy v. Porteous, 01-1503, p. 6 (La.App. 4 Cir. 5/15/02), 823 So.2d 380, 384 (citing Landry v. Blaise, Inc., 99-2617, p. 4 (La.App. 4 Cir. 8/2/00), 774 So.2d 187, 190).
The peremptory exceptions of no cause and no right of action are legally distinct. “When the facts alleged in the petition provide a remedy under the law to | ssomeone, but the plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6:7 (2d ed. 2012)(“Maraist & Lemmon, Civil Procedure ”). The proper objection is no cause of action “when the law does not provide a remedy to anyone under the facts alleged in the petition.” Id. Stated otherwise, “an exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff.” Alderice, supra (quoting Breeden v. Crumes, 11-1098, pp. 8-9 (La.App. 4 Cir. 4/4/12), 102 So.3d 133, 137-38)
In this case, the Intervenors appeal the trial court’s ruling sustaining the exceptions of no cause and no right of action to their petition of intervention. The Inter-venors raise the following four issues:
(i) Whether the Roussel Firm is entitled to intervene to assert a statutory privilege under La. R.S. 37:218;
(ii) Whether Ms. Lawyer is entitled to intervene to recover “those costs and expenses which were paid with her own funds”;
(iii) Whether both the Roussel Firm and Ms. Lawyer are entitled to intervene for the reimbursement of attorney’s fees and litigation costs and expenses under the unjust enrichment doctrine; and
(iv) Whether both Roussel Firm and Ms. Lawyer are entitled to nullify any settlements that the St. Pierre Children may make pursuant to La. R.S. 37:218 and other applicable laws.
|9To resolve the issues the Intervenors raise, we must consider the following three statutory provisions: La. R.S. 37:218,[7] La. *1010 C.C.P. art. 1091,[8] and La. C.C. art. 2298.[9] The Louisiana Supreme Court construed La. R.S. 87:218 in the following trio of cases: Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978); Calk v. Highland Constr. and Mfg., 376 So.2d 495 (La.1979); and Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979). Briefly stated, each of these cases stands for the following propositions:
|10* Saucier held that “the ‘interest in the subject matter of the suit, proposed suit or claim’ safeguarded by the statute is, we believe, no more than a privilege granted to aid the attorney’s collection of a fully earned fee out of the fund which the satisfaction of the client’s claim yields.” Saucier, 373 So.2d at 117. Saucier further held that “[ajfter recordation and service of the employment contract under the statute, as construed, the attorney would have a cause of action against the client and the opposing party for any fee actually earned by him if the settlement or other disposition of the claim was made without the attorney’s consent.” Id. at 112. Saucier still further held that “[rjecordation and service of the contract as provided by La.R.S. 37:218 preserved the attorney’s right, upon settlement or disposition of the claim without his consent, to collect any fee earned by him out of the proceeds of the claim or from the client and the opposing party.” Id. at 113.
• Calk held that “from looking at the historical development of R.S. 37:218 and R.S. 9:5001, it is clear that the Legislature added the provisions of the present R.S. 37:218 to assist the attorney in collecting his fee when he settles a case in the same way he is assisted by R.S. 9:5001, when he brings the suit to judgment.” Calk, 376 So.2d at 499. Calk further held that “the privilege/interest afforded an attorney with a contingency fee *1011 contract, even though unrecorded, attaches to settlement proceeds in preference to the claim of a seizing creditor, provided it is legally asserted prior to disbursement.” Scott, 377 So.2d at 68 n. 2.
• Scott held that despite the literal language of the statute “an attorney can neither force his continued representation of a client who wishes to discharge him, nor obtain, by any means, a proprietary or ownership interest in the client’s claim”; hence, an attorney can neither “proceed with the suit or claim as if settlement had not been made,” nor “interfere with or nullify the settlement which his former client has made, (as in this case) or chooses to make.” Scott, 377 So.2d at 70.
An intervention under La. C.C.P. art. 1091 is the proper procedural vehicle for a nonparty to join the litigation. Only a nonparty, ie., a third person, has standing to intervene under La. C.C.P. art. 1091. See Mexic v. Mexic, 00-1274, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 685, 689 (finding it “procedurally incorrect” for a party defendant to file a petition of intervention); Norris v. Allstate Ins. Co., 293 So.2d 918, 922 (La.App. 3rd Cir.1974) (finding that “Allstate being a defendant, it cannot intervene.”) The intervenor is the nonparty who “seeks [ n admission as a party to protect an interest or enforce a right related to or connected with the object of the pending action.” Hon. S. Plotkin & M. Akin, 1 La. Prac. Civ. Proc. Art. 1091 (2012). The intervenor has options with regard to which party (or parties) he or she elects to align with: “the intervenor may select to align with the plaintiff or with the defendant, or may choose to oppose both the plaintiff and the defendant.” Id.
Louisiana courts consistently have recognized a discharged attorney’s right to enforce his claim for attorney’s fees under La. R.S. 37:218 by intervening, pursuant to La. C.C.P. art. 1091, in the suit in which the attorney provided his services. Brown v. ANPAC Louisiana Ins. Co., 11-1576, p. 4 (La.App. 4 Cir. 5/30/12), 95 So.3d 1165; Oubre v. Louisiana Citizens Fair Plan, 08-713, p. 5 (La.App. 5 Cir. 1/27/09), 8 So.3d 99, 102 (citing Cox v. Boggs, 39,566 (La.App. 2 Cir. 4/6/05), 899 So.2d 770, 774-75; Simmons, supra.). Differentiating between a discharged attorney and an attorney that is still representing a party to the lawsuit, we noted in Brawn, supra, that a discharged attorney may intervene under La. C.C.P. art. 1091 to assert his claim to attorney’s fees; whereas, an attorney still engaged in representing a party may file a motion to set attorney’s fees.
Construing La. C.C. art. 2298, the jurisprudence has enumerated the following five elements that a plaintiff must prove to establish an unjust enrichment cause of action: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of “justification” or “cause” for the enrichment and impoverishment, and (5) no 112other remedy at law available to plaintiff. Dugas v. Thompson, 11-0178, pp. 13-14 (La.App. 4 Cir. 6/29/11), 71 So.3d 1059, 1067-68; JCD Marketing Co. v. Bass Hotels and Resorts, Inc., 01-1096, p. 13 (La.App. 4 Cir. 3/6/02), 812 So.2d 834, 842 (citing Baker v. Maclay Properties Co., 94-1529, p. 18 (La.1/17/95), 648 So.2d 888, 897). All five elements must be established to state a cause of action for unjust enrichment.
Applying the above precepts, we find, for the reasons outlined below, that the trial court did not err in sustaining the exceptions of no cause and no right of action and dismissing the petition for intervention. In so finding, we separately address each of the four issues, noted *1012 above, that the Intervenors raise on appeal.

(i) The Roussel Firm’s right to intervene under La. R.S. 37:118

On appeal, the Roussel Firm contends that, contrary to the trial court’s reasoning, its statutory right to intervene under La. R.S. 87:218 is not confined to the parties to the Contingency Fee Agreement. In support, the Roussel Firm cites the language in Saucier, supra, that “[c]ompliance with the statute would result in the creation of a cause of action against the client and the opposing party for such fee as is legal and earned in the event a settlement or other disposition results without the consent of the lawyer.” 373 So.2d at 117; see also James Minge & Associates v. Hanover Ins. Co., 96-2308, p. 5 (La.App. 4 Cir. 4/2/97), 692 So.2d 728, 731; Simmons v. Chambliss, 37,461 (La.App. 2 Cir. 8/20/03), 852 So.2d 1237, 1239. The Roussel Firm emphasizes that the St. Pierre Children “acquired their right to the survival action through Wayne St. Pierre, who signed the contract |1swith Roussel & Clement and who filed suit while he was alive.” The Roussel Firm thus contends that it has a right of action under La. R.S. 37:218 as to both the St. Pierre Children and the defendants. The Roussel Firm further contends that the jurisprudence consistently has recognized an attorney’s right to intervene pursuant to La. C.C.P. art. 1091 in the client’s suit to preserve his or her right of action under La. R.S. 37:218.
The Roussel Firm’s reliance on the jurisprudence holding that compliance with R.S. 37:218 gives rise to a cause of action to intervene to assert a claim against the client and the opposing parties to the suit is misplaced. The jurisprudence construing R.S. 37:218 generally has involved a discharged attorney seeking to intervene in his prior client’s suit in order to have the court allocate a contingency fee between the discharged attorney and his pri- or client’s successor attorney. Saucier, supra. That is not the situation presented in this case.
This case involves two separate groups of plaintiffs — the surviving spouse and the surviving children — and two separate groups of attorneys — the Roussel Firm and the Bickford Firm. The Roussel Firm is not a “discharged attorney.” Nor was the Roussel Firm ever retained by the St. Pierre Children. Although the St. Pierre Children’s cause of action is based on their father’s death, there is no support for binding the St. Pierre Children to the Contingency Fee Agreement their father entered into with the Roussel Firm.
In the Petition of Intervention, the Roussel Firm cites the October 30, 2009 Contingency Fee Agreement with Mr. St. Pierre and Ms. Lawyer as its sole basis | Mfor intervening. Less than two months after the Contingency Fee Agreement was executed (on December 18, 2009), Mr. St. Pierre died. Upon his death, the Contingency Fee Agreement between him and the Roussel Firm automatically terminated,[10] leaving Ms. Lawyer as the sole client. *1013 The Roussel Firm has a right of action under La. R.S. 37:218 only against its client, Ms. Lawyer, and the settlement funds that Ms. Lawyer might receive, which include only a one-fourth share of the survival action damages.
Although the Roussel Firm has a right of action against Ms. Lawyer, the Roussel Firm has no basis at this time to intervene to assert that right of action for two reasons. First, given the Roussel Firm’s status as Ms. Lawyer’s existing counsel of record, the appropriate procedural vehicle for it to assert its rights in this action as to attorney’s fees is by filing a motion. See Brown, 11-1576 at p. 4, 95 So.3d at 1167 (noting that attorneys who are still engaged in representing parties to the lawsuit appear in the suit by filing motions). Second, any claim by the Roussel Firm against Ms. Lawyer for its attorney’s fees is premature until there is a settlement or judgment. Cox v. Boggs, 39,566, p. 4 (La.App. 2 Cir. 4/6/05), 899 So.2d 770, 773 (holding that “[t]he attorney’s right to a contingency fee is not acquired until the claim in the underlying case is reduced to judgment or settlement.”)
In sum, the Roussel Firm’s sole right of action under La. R.S. 37:218 is against Ms. Lawyer. For the reasons noted above, it would be premature for the Roussel Firm to intervene at this juncture to assert that claim against Ms. Lawyer. As to the St. Pierre Children and the Exceptor-Defen-dants, the trial court did not err in finding that the Roussel Firm lacked a right of action under La. R.S. 37:218 to intervene to assert a claim against them.

Ms. Lawyer’s right to intervene under La. C.C.P. art. 1091

As to Ms. Lawyer’s intervention, the trial court found that because she is already a plaintiff in this case, there is no basis upon which to allow her to intervene. Ms. Lawyer contends that, despite her status as a party plaintiff, she has the right to intervene because she has a dual (or separate) capacity. Her dual capacity, she explains, is that “she seeks to recover the costs she has paid in connection with prosecuting the survival claim, from which the other survival beneficiaries have received a benefit.”[11] She points out that in the original suit, contrary to the Avondale Interests Defendants’ contention, she did not seek reimbursement of costs and expenses from the other plaintiffs, and that she has the right to intervene to seek such costs or expenses.
11fiThe jurisprudence Ms. Lawyer cites regarding “dual capacity” to intervene is inapposite. See Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987) (defendant insurer sued as defendant’s uninsured motorist carrier was allowed to intervene for reimbursement of workers’ compensation benefits it paid in its separate capacity as plaintiffs workers’ compensation carrier); Romero v. Richard, 425 So.2d 355, 356 (La.App. 3rd Cir.1982) (defendant-tortfea-sors were allowed to intervene as plaintiffs to assert a claim against co-defendant for their own personal injuries); Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350, 352 (La.App. 3rd Cir.1968) (defendant-bus driver was allowed to *1014 intervene as a plaintiff to assert claim against co-defendant for property damage to his bus and loss of income). None of these cases stands for the proposition that a party has standing to intervene in a lawsuit in which he or she is a party plaintiff. Contrary to Ms. Lawyer’s contention, she is not a “third party” under La. C.C.P. art. 1091. See Mexic, supra; Norris, supra. The trial court did not err in finding that Ms. Lawyer lacks the procedural capacity to intervene in this case in which she is a party plaintiff Intervenors’ unjust enrichment cause of action
Both the Roussel Firm and Ms. Lawyer contend that they have stated a cause of action for unjust enrichment under La. C.C. art. 2298.[12] The Intervenors contend that the Roussel Firm has done the bulk of the work in the case and that 117the Rous-sel Firm and Ms. Lawyer have borne the bulk of the costs and expenses, including the costs of filing the action and deposing the experts. The crux of the Intervenors’ unjust enrichment claim is their allegation that “[gjiven that the Bickford firm’s clients [ (the St. Pierre Children) ] are receiving three-fourths (3/4ths) of the survival action and Roussel & Clement’s client [ (Ms. Lawyer) ] is only receiving one-fourth (l/4th) of the survival action, this is hardly fair and just, particularly considering that Roussel & Clement initiated the case on behalf of Wayne St. Pierre (from whom the Bickford firm’s clients obtained their survival action.)” The Roussel Firm also cites Saucier, supra, for the proposition that “the purpose behind R.S. 37:218 is so that the firm who has performed the bulk of the work will reap the benefit of that work.”
As the Avondale Defendants contend, the jurisprudence has recognized that it is “not unusual for one party to a lawsuit (and the party’s attorney) to benefit from the efforts of another party to the suit (and the party’s attorney) where the parties have common interests.” Lyons v. City of Shreveport, 339 So.2d 466, 499 (La.App. 2d Cir.1976). Nonetheless, “under Louisiana law the right of an attorney to recover fees is based upon contract, regardless of the value and benefit others have derived from his services.” Security Ins. Co. of Hartford v. Dudds, Inc., 648 F.2d 273, 275 (5th Cir.1981) (citing Lyons, supra).
Under circumstances similar to those presented in the instant case, the Louisiana Supreme Court rejected a claim for unjust enrichment in Kirkpatrick v. Young, 456 So.2d 622, 624 (La.1984), reasoning:
| ls[A]lthough plaintiffs allege that the defendants were enriched as the result of these attorneys’ efforts, there is no allegation of a correlative impoverishment to the lawyers. There is no indication or allegation in the pleadings that the plaintiffs expended any more time, effort, or expenses in obtaining a result which “inured to the benefit of the defendants” than they would have in securing the same result for the benefit of their clients alone. Nor is there any allegation that the plaintiffs were impoverished by the loss or prevention of an expectation of gain, for by their own *1015 admission plaintiffs did not even know of the existence of the defendants until well after the completion of the opposition to the will and so could not have expected any gain or recompense from that quarter.
Kirkpatrick, 456 So.2d at 624; see also Dudds, 648 F.2d at 275 (labeling similar argument “appealing,” but finding it unsupported by Louisiana law). By analogy, in this case the Intervenors have failed to state a cause of action for unjust enrichment.
In ruling on an exception of no cause of action, a court is generally limited to considering the petition and the documents attached thereto. An exception has been recognized when evidence is introduced without objection; under this exception, “the pleadings are expanded, at least for the purposes of the exception.” Maraist & Lemmon, Civil Procedure, supra at § 6:7. Such is the case here. The Roussel Firm was allowed to introduce evidence without objection of the work it has performed in the case. As the Avon-dale Interests Defendants point out, the work done by the Roussel Firm after Wayne St. Pierre’s death was done pursuant to its ongoing contingent fee contract with Ms. Lawyer in prosecuting her survival and wrongful death claims. Although the Intervenors alleged an enrichment as a result of the Roussel Firm allegedly performing the bulk of the work on the case, there is no showing of a correlative impoverishment. See Kirkpatrick, supra. Stated otherwise, there is no showing that the Roussel Firm or their client, Ms. Lawyer, 1 ^expended any more time, effort, or expenses in this case than they would have done if Ms. Lawyer was the sole plaintiff. The trial court thus correctly concluded that the Intervenors failed to state a cause of action for unjust enrichment.

Intervenors’ rights under La. R.S. B7:kl8(A) to interfere with settlement

The Intervenors’ final contention is that the last sentence of La. R.S. 37:218(A)[13] makes clear that if a contingency fee contract stipulates that a client may not settle, compromise, release, discontinue, or otherwise dispose of the suit or claim—which the Contingency Fee Agreement does—and if the contract is recorded with the clerk of court—which the Contingency Fee Agreement was—any settlement, compromise, discontinuance, or other disposition made of the suit or claim by the client without the written consent of his attorney is null and void. As the Avon-dale Defendants contend, the Intervenors’ position is that this statutory provision stands for the proposition that once the Roussel Firm recorded its contingency fee contract with the clerk of court, any settlements made by the St. Pierre Children without prior written consent of the Rous-sel Firm are null and void by operation of law. This argument is unpersuasive for two reasons.
First, as discussed above, the Roussel Firm has no right of action against the St. Pierre Children or the proceeds of the St. Pierre Children’s survival action claim under La. R.S. 37:218. The Roussel Firm is not the attorney for the St. Pierre LnChildren; Ms. Lawyer is not an attorney. Second, despite the literal *1016 language of the statute, the Louisiana Supreme Court has recognized that because an attorney’s interest in the suit is no more than a privilege on any settlement funds, an attorney “has no right to interfere with or nullify the settlement which his former client has made ... or chooses to make.” Francis v. Hotard, 00-0302, p. 3 (La.App. 1 Cir. 3/30/01), 798 So.2d 982, 985 (citing Scott, 377 So.2d at 70). Consistent with this jurisprudence, the trial court in this case reasoned that “[t]he statute does not permit an attorney to prevent, to interfere with, or to nullify any settlement the client might choose to make, much less a settlement entered into by a litigant who was never the attorney’s client.”[14] We agree.

DECREE

For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. As discussed elsewhere in this opinion, the attorney-client relationship between Mr. St. Pierre and the Roussel Firm automatically terminated upon his death.

. The "Avondale Interests Defendants” are defined as Albert L. Bossier, Jr.; J. Melton Garrett, The Travelers Indemnity Company; Northrop Grumman Shipbuilding, Inc. (n/k/a) Huntington Ingalls Incorporated, f/k/a Avon-dale Industries, Inc., f/k/a Avondale Shipyards, Inc.), and American Motorist Insurance Company. According to the Avondale Interests Defendants, they are only parties to the survival action; they were dismissed from the wrongful death action on summary judgment based on the exclusivity provisions of the Louisiana Workers’ Compensation Act.

. St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-C-0004 (La.App. 4 Cir. 2/12/12) (unpub.).

. St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-0614 (La.4/27/12); 86 So.3d 629.

. The St. Pierre Children also filed a motion to strike the petition of intervention based on three allegations: the Intervenor’s lack of standing to intervene, the untimeliness of the petition of intervention, and the Intervenors’ failure to obtain leave of court or consent of the parties before filing the petition. The trial court's ruling sustaining the peremptory exceptions of no cause and no right of action obviated the need to rule on this motion.

. The Intervenors initially filed an application for supervisory writ. Denying their writ application, this court stated that "[bjecause the judgment complained of is a final, appealable judgment, we decline to exercise our supervisory jurisdiction. See La. C.C.P. art. 1915 A.” St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-0172 (La.App. 4 Cir. 2/13/12) (unpub.).

. La. R.S. 37:218 provides:
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dis *1010 pose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
B. The term "fee”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

. La. C.C.P. art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2)Uniting with defendant in resisting the plaintiffs demand; or
(3)Opposing both plaintiff and defendant.

. La. C.C. art. 2298 provides:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

. The Louisiana Supreme Court has held that “death of the client itself terminates the client-attorney relationship by operation of law; therefore, there is no necessity for a rule requiring the attorney to withdraw when the client dies.” Succession of Wallace, 574 So.2d 348, 359 (La.1991) (citing Due v. Due, 342 So.2d 161, 164-65 (La.1977); and Kinsey v. Dixon, 467 So.2d 862, 864 (La.App. 2d Cir.1985)). Explaining the reason a contingency fee contract terminates upon the client’s death, the Second Circuit in Kinsey, supra, stated:
A contract for legal services is a contract of mandate which is terminated by operation of law upon the death of the principal or mandatory. Due v. Due, 342 So.2d 161, 164-5 (La.1977); La. Civil Code article *1013 3027. The only exception to termination at death is a contract of mandate which constitutes a “power coupled with an interest.” A contingency fee contract is a “mere interest in the exercise of the power” of mandate and is not a power coupled with an interest in the property. Montgomery v. Foreman, 410 So.2d 1160, 1167 (La.App. 3d Cir.1982). Consequently, a contingency contract terminates at the death of the principal.
467 So.2d at 864.

. This is the same argument that she asserts supports her unjust enrichment claim, which is addressed below.

. Contrary to the St. Pierre Children’s contention, the Intervenors raised this issue in the trial court in their “Response to the Reply of Movers/Exceptors Regarding Intervenors’ Opposition to Motion to Strike Petition of Intervention and Opposition to Exceptions of No Cause of Action/No Right of Action.” In that response, they alleged that "[cjlearly the Bickford plaintiffs have been unjustly enriched by the work performed by the firm of Roussel & Clement and the costs paid by Robin Lawyer.” In support, they cited La. C.C. art. 2298.

. The statutory language on which the Inter-venors rely states:
After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
La. R.S. 37:218(A).

. Contrary to the Intervenors’ contention, the trial court’s inclusion in its judgment of an order that the Intervenors have no right to “approve, interfere with or nullify any settlement’’ between the Exceptor-Defendants and the St. Pierre Children does not conflict with the provision in the judgment governing the allocation of survival action damages preserving the Roussel Firm’s rights under La. R.S.37:218 or other applicable laws.