# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D12-2948; 3D12-2850
Lower Tribunal No. 06-5240

_____

**Benito Santiago,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Ellen Venzer, Judge.

Carlos J. Martinez, Public Defender, Kathryn J. Strobach and James Moody, Assistant Public Defenders, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee/cross-appellant.

Before SUAREZ, SALTER, and SCALES, JJ.

PER CURIAM.

<u>On Motions to Stay Mandate, and for Remand</u>

After review of the motions to stay mandate and for remand, we withdraw the opinion filed on February 11, 2015, on our own motion and substitute the following in its place. <u>See</u> <u>Bayron v. State</u>, 921 So. 2d 719 (Fla. 3d DCA 2006).

As foreshadowed in our opinion issued February 11, 2015, the Supreme Court of Florida has now definitively addressed the juvenile sentencing issues which arose in the aftermath of <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), and <u>Graham v. Florida</u>, 560 U.S. 48 (2010). In <u>Horsley v. State</u>, 40 Fla. L. Weekly S155 (Fla. Mar. 19, 2015), the Supreme Court rejected the sentencing arguments advanced by Santiago and by the State in these consolidated appeals.[1]

<u>Horsley</u> was issued after the parties in these cases filed and responded to motions for rehearing and rehearing en banc directed to our February 11, 2015, opinion. We initially denied those motions, but upon consideration of Santiago's motion to stay issuance of the mandate, the State's response, and Santiago's reply, we grant the motion to stay issuance of the mandate and we remand this case to the trial court for resentencing in conformance with <u>Horsley</u> and the pertinent provisions of Chapter 2014-220, Laws of Florida.[2]

---

[1] The State appealed Santiago's sentence in Case No. 3D12-2850, and Santiago appealed his conviction and sentence in Case No. 3D12-2948. We consolidated the appeals for all purposes.

[2] The relevant provisions of Chapter 2014-220 have been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).

In doing so, we affirm Santiago's conviction (as indicated in our opinion of February 11, 2015), but we reverse the term of years sentences. We reject the State's argument that we should deny Santiago's motion to stay the mandate and leave undisturbed his existing term of years sentences, allowing him to challenge the legality of the sentences in a later motion under Florida Rule of Criminal Procedure 3.800. In Horsley, the Supreme Court of Florida clarified that Chapter 2014-220 could and would be applied to juvenile sentences controlled by Miller—even in those cases in which the underlying crime was committed before the effective date[3] of Chapter 2014-220.

Affirmed in part, reversed in part, and remanded for resentencing in conformance with Horsley, 40 Fla. L. Weekly S155, and Chapter 2014-220, Laws of Florida.

_____

[3] July 1, 2014.