MADELEINE M. LANDRIEU, Judge.
| ilntervenor, Allen Borne, Jr., appeals the trial court’s granting’of summary judgment in favor of defendant Alstate Insurance Company) L.L.C. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Approximately fourteen years ago, on May 20, 2002, plaintiff Kimberly Moe was injured in a two-car automobile accident. Ms. Moe initially hired attorney Allen Borne, Jr., to represent her in connection with this accident. In September, 2002, about four months after hiring Mr. Borne', Ms. Moe discharged him and hired new counsel, -Darryl Carimi. On October 21, 2002, Mr. Carimi filed the instant personal injury suit on behalf of Ms. Moe against the driver of the other vehicle, Frank' Bas-tían, and his insurer, Alstate. In December, 2002, Mr. Borne contacted Alstate adjuster David Kattengill regarding Mr. Borne’s assertion of an attorney- lien on any proceeds eventually recovered by Ms. Moe. As requested by Mr. Borne, the adjuster. _ initialed and returned , Mr. Borne’s December 10, 2002 letter indicating that Mr. Borne’s name would be entered on,any settlement checks |2issued.in the matter. On January 28, 2003, Mr. Borne filed a petition of intervention in the lawsuit alleging he had entered into a written contingency fee contract with Ms. Moe and had represented her for four months. The petition states that a copy of the contract is attached. . However, there is no contract attached to. the. petition in the record.
Ms. Moe died in 2008 during the pen-dency of the litigation, and in 2009 her surviving spouse, Michael Barnickel, filed an amended petition asserting wrongful death and survival actions. Mr. Barnickel subsequently settled with Mr. Bastían and Alstate,' dismissing his claims against them' in 2010. ' Mr. Borne’s name did' not appear on the settlement check. Several years later, Alstate moved for summary judgment against Mr. Borne on his intervention. Ater a hearing on February 27, 2015, the trial court rendered judgment with written reásóhs orí April 1, 2015, granting Alstate’s motion and dismissing Mr. Borne’s intervention. Mr. Borne now appeals.
DISCUSSION
A trial court’s, disposition of a motion for summary judgment is. reviewed using the de novo standard pf review “under , the same criteria governing the. trial court’s consideration of .whether summary judgment is appropriate.’’ .Citron v. Gentilly Carnival Club, Inc., 2014-1096, p. 12 (La.App. 4 Cir. 4/15/15); 165 So.3d 804, 313 (citations omitted). The reviewing court must therefore resolve two issues: (i) whether there is any genuine issue of material fact; and (ii) whether the mover is *1099 entitled to judgment as a matter of law. Id.; La. C.C.P. art. 966 A(3).
laWhere, as here, the party moving for summary judgment will not' bear the burden of proof at trial on the issue that is before the court bn the motion, the mover is not required to negate all essential elements of the adverse party’s claim, but only to point out the absence of factual support for one or more elements essential to that claim. Thereafter, to defeat summary judgment, the adverse party .must “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial ...” La. C.C.P. art. 966 C(2).[1]
Allstate moved for summary judgment arguing that Mr. Borne lacks factual support for essential elements necessary to assert a claim or enforce a. privilege upon the settlement , funds distributed by it to Mr. Barnickel. In support of its motion, Allstate relied upon La. R.S. 37:218, which provides, in pertinent part:
Á.' By written contract signed by, his client,'an attorney at'law may acquire ás his fee ah interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to' take rank as a- first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time,, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court, in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
The Louisiana Supreme Court interpreted this statute in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978) on reh’g (June 25, 1979)," which involvéd a discharged attorney seeking his fee. Saucier held' that “the Interest in the subject matter of the suit, proposed suit or claim’ safeguarded by the statute is ... no more than a privilege granted to aid the attorney’s collection of a fully earned fee out of the fund which the satisfaction of the client’s claim yields. Compliance with the statute would result in the creation of a cause of action against the client and the opposing party for such fee as is legal and is earned in the event a settlement or other disposition results without the consent of the lawyer,” Id. at 117. The Court further noted that the “[djetermination of just what fee the discharged attorney has ‘earned’ in the case of the contingency fee employment contract (followed by discharge, employment of other’counsel and settlement) is not a simple matter.” Id. at 117-118. In Calk v. Highland Const. & Mfg., 376 So.2d 495 (La.1979), the Supreme Court held: “We determine here *1100 that ‘fee’ includes the agreed upon contingency fee, taxable court costs advanced by the attorney, and the attorney’s necessary and reasonable expenses in pursuance of the litigation, such as those for investigation and travel. It does not include other advances which are in the nature of a loan, nor does it include the payment or reimbursement of expenses which, like medical bills, constitutes the client’s special damages.” Id. at 500.
In Calk, the Court held that the attorney’s fee contract, which gives rise to the privilege granted by R.S. 37:218, does not have to be recorded for the attorney to recover. “However, for the attorney to succeed he must assert his claim by intervention or other legal proceedings prior to disbursement of the proceeds to a third party.” Id. at 499. Calk held that the privilege of the intervenor/attorney, although his contract was unrecorded, primed the privilege asserted by a creditor of Isthe client. This court has consistently recognized the right of a discharged attorney to assert his claim for attorney's fees under La. R.S. 37:218 by intervening in the lawsuit filed by his former client. See: Brown v. ANPAC Louisiana Ins. Co., 11-1576, p. 4 (La.App. 4 Cir. 5/30/12), 95 So.3d 1165; St. Pierre v. Northrop Grumman Shipbuilding, Inc., 2012-0545 (La.App. 4 Cir. 10/24/12, 11); 102 So.3d 1003, 1011.
In St. Pierre v. Northrop Grumman Shipbuilding, Inc., supra, a case upon which Allstate relies, this court held that a law firm representing an original plaintiff and his spouse, but not his children, in an asbestos exposure suit had no right of action to intervene to assert a claim for attorney’s fees and costs against the children, who had their own counsel, after the plaintiff died during the pendency of the litigation. 2012-0545, pp. 12-15; 102 So.3d at 1012-1013. The trial court in its reasons for judgment noted that, similar to St. Pierre, Michael Bamickel was never a client of Mr. Borne. In granting summary judgment, the trial court reasoned that the letter signed- ,by Mr. Kattengill pertains only to the claim asserted by Ms. Moe, not to the survival/ wrongful death action asserted by Mr. Barnickel. Mr. Borne argues that the trial court’s reliance upon St. Pierre is misplaced because- that case did not involve a discharged attorney. We do not need to decide the applicability of St. Pierre to affirm the trial court’s granting of summary judgment to Allstate here.
As the Supreme Court stated in Saucier, compliance with'La. R.S. 37:218 merely creates a cause of action for an attorney against his client and the opposing party. Saucier, supra, 373 So.2d at 117. Once Allstate, the opposing party in this matter, brought its motion for summary judgment against Mr. Borne, he was ^required to produce factual support sufficient to establish that he would be able to meet his evidentiary burden at trial.
In response to the motion for summary judgment, Mr. Borne produced his own affidavit and. a copy of the aforementioned letter to Mr. Kattengill. In his affidavit, Mr. Borne stated that his entire file on the Moe case, including-the contract, was destroyed in Hurricane Katrina. The affidavit does not address or explain why the contract is missing from his petition for intervention. It also does not address the terms of his contract with Ms. Moe. Mr. Borne submitted no statement or proof as to what costs he incurred in connection with his four-month representation of Ms. Moe.
Upon de novo review, we find that Mr. Borne failed to produce factual support sufficient to establish that' he could meet his burden of proof at trial. He is unable to produce the written contract, which he failed to record. Without a written contract, he has no statutory privilege on any settlement funds paid by Allstate. More *1101 over, he submitted no evidentiary proof of his claim other than a 2002 letter signed by an Allstate adjuster., That letter is not a substitute for a written contract.' Mr. Borne argues that he is not seeking a portion of the settlement ás a contingency fee; he is seeking only costs and expenses.[2] We find, however, that any cause of action he has against Allstate for any amounts earned or spent in representation of Ms. Moe is dependent upon his having a written contract. See Calk v. Highland Const. & Mfg., supra.
| yAccordingly, we find there is no genuine issue of material fact, and the trial court properly granted summary judgment dismissing Mr. Borne’s intervention.
CONCLUSION
The trial court’s judgment is affirmed.
AFFIRMED

. This quoted language is from La. C.C.P. art. 966 as it existed at the time the motion for summary judgment in this matter was filed and heard, prior to the article’s amendment effective January 1, 2016.

. We noté that Mr. Borne filed his intervention in 2003 and has had more than ten years to conduct discovery, yet-he has failed to submit any documentary evidence showing what costs or expenses he allegedly incurred in his brief representation of Ms. Moe.