PAUL A. BONIN, Judge.
| following our reversal of an award in its favor because it failed to file an intervention,[1] Robert C. Lehman, A Professional Law Corporation, filed an intervention in order to collect fees owed to it by former clients, Jill and Claude Brown, in connection with their suit for insurance proceeds against ANPAC Louisiana Insurance Company. After the Browns discharged Lehman, and without engaging a substitute attorney, they settled their claim with the insurer for $41,000.
The portion of the settlement which represented the disputed fee was deposited into Lehman’s IOLTA client trust account; the balance was delivered to the Browns. The insurer was dismissed. After issue was joined between Lehman and the Browns, a bench trial was conducted. Lehman was awarded $10,000 with judicial interest from the date of the insurer’s payment.[2] Lehman appeals the amount of the award; the Browns neither appealed nor answered Lehman’s appeal.
Lehman assigns only one error: “The trial court was in error in not awarding attorney fees in the amount as stated in the employment contract for legal services.” It argues that it was entitled to a fee equal to thirty percent of the 12settlement amount because of a contingency fee agreement between Lehman and the Browns. Lehman argues that the agreement is the law between the parties and that the trial judge was without legal authority to deviate from its provisions. We disagree and explain below why we affirm the judgment.
I
Ordinarily contracts have the effect of law for the parties. See La. Civil Code art. 1983. But contracts for legal representation, and especially contingency fee contracts, are subject to judicial oversight. *1194 See Saucier v. Hayes Dairy Products, Inc., 873 So.2d 102, 118 (La.1979) (on rehearing); see also O’Rourke v. Cairns, 95-3054, p. 4 (La.11/25/96), 683 So.2d 697, 700. This judicial oversight arises from the judiciary’s constitutional duty to enforce the Rules of Professional Conduct adopted and promulgated by the Supreme Court. Saucier, 373 So.2d at 114. The two Rules of Professional Conduct pertinent to this matter, Saucier instructs, are the prohibition that a lawyer may not make an agreement to charge or collect an excessive fee (Rule 1.5(a)) and the representation of the client is terminated when the lawyer is discharged (Rule 1.16(a)(3)). Saucier, 373 So.2d at 116.
The trial judge found as a fact that the Browns discharged Mr. Lehman without cause. But simply because he was discharged without cause does not entitle Lehman to the entire amount of the contingent fee provided by contract because Mr. Lehman did not successfully perform his obligation to reduce the Browns’ claim to damages. Saucier, 373 So.2d at 117. And to find otherwise would strip the client’s absolute right to discharge his attorney of its effect if it were conditioned upon his payment of the full amount specified in the contract. Saucier, 373 So.2d at 116.
_k.II
On the eve of prescription, Mr. Brown approached attorney Robert Lehman about filing a lawsuit against his insurer for losses sustained in the aftermath of Hurricane Katrina. Mr. Lehman prepared and filed a lawsuit and, along with a contingency fee contract, forwarded a copy to Mr. Brown. Not receiving a signed copy from Mr. Brown, Mr. Lehman inquired only once. He claims to have never received the signed copy of the contract. Mr. Brown claims to have signed and returned the copy after amending it to provide that no legal fee would be charged on the first $7,000 recovered because such an amount had already been offered to him by the insurer. But Mr. Brown could not produce his copy of the contract as amended. The contract provided for a contingency fee of thirty percent of the amount recovered in settlement.
During the years that the lawsuit was pending, Mr. Brown left the area to obtain employment and communications between him and Mr. Lehman became difficult. The insurer’s attorney was seeking discovery, but Mr. Lehman had difficulty in obtaining any cooperation from Mr. Brown. Eventually, after a series of setting, postponing, and re-setting motions to compel discovery, as well as unforeseen need to reschedule inspections, and Mr. Lehman’s unsuccessful efforts to either settle the case or further delay a hearing on the motion to compel, Mr. Lehman wrote Mr. Brown once more asking for information to answer outstanding discovery requests. In frustration Mr. Lehman stated “give me a break,” to which Mr. Brown responded that he was giving Mr. Lehman a break by terminating the representation.
Not long after, Mr. Brown personally contacted the insurer’s attorney and the $41,000 settlement was agreed upon without the necessity of Mr. Brown’s ^answering the outstanding discovery. Mr. Brown later testified that he discharged Mr. Lehman because he would not simply settle the case. The highest settlement offer obtained prior to discharge was $20,000.
Ill
The trial judge considered Mr. Lehman’s testimony that he worked about forty hours on the case and that his hourly rate was $275. The trial judge awarded more than that amount but less than the thirty percent contingency.
The trial judge, after hearing evidence about the contingency fee contract and the *1195 attorney-client dealings, demands and counter-demands, determined that a fee of $10,000 was “not unreasonable” and thus, for our purposes, a not excessive fee. We would review the determination of the award under an abuse-of-discretion standard. See Verges v. Dimension Development Co., Inc., 08-1836, p. 7 (La.App. 4 Cir. 2/10/10), 32 So.3d 310, 314. But the Browns, as we earlier stated, have not appealed the judgment or answered the appeal arguing that the amount awarded as an attorney fee is excessive. See La. C.C.P. arts. 2121 and 2133 A. And Lehman, for its part, has not argued that the trial judge abused her discretion in the award. Thus we need make no further inquiry into the amount of the award of fees.
DECREE
We affirm the judgment on the intervention in favor of Robert C. Lehman, A Professional Law Corporation and against, Jill E. Brown and Claude T. Brown. All costs of this appeal are taxed to Lehman. See La. C.C.P. art. 2164.
AFFIRMED.

. See Brown v. ANPAC Louisiana Insurance Company, 11-1576 (La.App. 4 Cir. 5/30/12), 95 So.3d 1165.

. Lehman was also awarded all of its costs, with interest from the date of the judgment.