| | | |
|---|---|---|
| **HARRY L. STANLEY, JR.** | * | **NO. 2023-CA-0192** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **HOUSING AUTHORITY OF** | * | |
| **NEW ORLEANS, ROBERT E.** | | **FOURTH CIRCUIT** |
| **ANDERSON, GREGG** | * | |
| **FORTNER, AND AIG** | | **STATE OF LOUISIANA** |
| **INSURANCE COMPANY** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02178, DIVISION "B"
Honorable Richard G. Perque, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

Raymond C. Burkart, Jr.
ATTORNEY AT LAW
321 North Florida Street
Suite 104
Covington, Louisiana 70433

      COUNSEL FOR PLAINTIFF/APPELLANT

Frederic Theodore LeClercq
Sloan L. Abernathy
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART; APPEAL DISMISSED IN PART; EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL DENIED**

        **November 8, 2023**

KKH
DLD
JCL

Plaintiff, Harry L. Stanley, Jr. ("Mr. Stanley"), appeals the November 14, 2022 judgment sustaining exceptions of no cause and no right of action in favor of Housing Authority of New Orleans ("HANO"), AIG Insurance Company ("AIG"), Robert E. Anderson ("Mr. Anderson"), and Gregg Fortner ("Mr. Fortner") (collectively "defendants"), and dismissing the majority of Mr. Stanley's claims. The district court also granted Mr. Stanley leave to amend his petition as to his unconstitutionality claim under La. R.S. 40:539(C)(8)(b) and his whistleblower claim under La. R.S. 23:967.[1]

Pursuant to our *de novo* review, we affirm the November 14, 2022 judgment in part and uphold the district court's sustaining of defendants' exceptions of no cause of action and no right of action and dismissal of Mr. Stanley's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*, and 3) for alleged violations of La.

---

[1] In *Scott v. Hous. Auth. of New Orleans*, 2022-0728 (La. App. 4 Cir. 4/18/23), 360 So.3d 607, and *Thompson v Hous. Auth. of New Orleans*, 2022-0729 (La. App. 4 Cir. 5/26/23), 368 So.3d 560, this Court was presented with the identical claims and legal argument on behalf of two HANO police officers. For purposes of consistency, we have adopted in this opinion the analysis and format utilized in those companion cases. We also note that Mr. Stanley's appeal was filed before our opinions were rendered in *Scott* and *Thompson*.

1

R.S. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics).

We affirm the district court's ruling, sustaining defendants' exception of no cause of action as to Mr. Stanley's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims and remand for further proceedings, with instructions to the district court to allow Mr. Stanley leave to amend his tort claims for negligence and breach of duties pursuant to La. C.C.P. art. 934.

Furthermore, we lack jurisdiction to consider that portion of the judgment sustaining defendants' exception of no cause of action of Mr. Stanley's unconstitutionality claim under La. R.S. 40:539(C)(8)(b), and his claim under La. R.S. 23:967 (the general whistleblower statute), and allowing him leave to amend those claims. Therefore, we dismiss Mr. Stanley's appeal in part.

Finally, we decline to consider defendants' exception of no cause of action, which has been raised on appeal.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Mr. Stanley was terminated from his employment as a HANO police officer in May 2017. He filed the present suit on March 6, 2018 against HANO, its insurer, AIG, and Mr. Stanley's former supervisors, Mr. Anderson, the Director of Public Safety/Chief of HANO, and Mr. Fortner, the Executive Director for HANO.

The petition asserts that Mr. Stanley was hired by HANO on January 10, 2005, and was promoted to the rank of sergeant on September 8, 2010. On January 21, 2015, Mr. Stanley made an oral report to Mr. Anderson informing him that he feared his girlfriend might make a false complaint against him with HANO. On April 2, 2015, Mr. Anderson informed Mr. Stanley that an anonymous complaint

2

was filed against him. Mr. Stanley claims that his girlfriend related to him that Mr. Anderson and a sergeant contacted her and informed her about Mr. Stanley's oral report. Mr. Stanley's girlfriend ultimately made a formal complaint alleging that Mr. Stanley threatened her.

Mr. Stanley confronted Mr. Anderson regarding his contact with Mr. Stanley's girlfriend. Mr. Stanley expressed his displeasure and filed a formal complaint against Mr. Anderson. That complaint was later withdrawn.

Mr. Stanley pleads that on October 13, 2016, he filed a formal whistleblower complaint against his supervisor, Lt. Tyrone Martin ("Lt. Martin"), alleging that Mr. Stanley became a target for unfair treatment and a hostile work environment, with the goal of demoting or firing him.

The petition further states that during the time Mr. Anderson was investigating the whistleblower complaint against Lt. Martin, Mr. Anderson failed to inform Mr. Stanley that he was also conducting an active disciplinary investigation of Mr. Stanley. In that disciplinary action, Mr. Anderson noted in his November 21, 2016 report that Lt. Martin had reported that Mr. Stanley failed to carry out orders, was negligent in the performance of his duties, and was unsatisfactory in his job performance.

On December 15, 2016, Mr. Anderson notified Mr. Stanley that he was recommending that Mr. Stanley be demoted back to a police officer. On January 5, 2017, Mr. Stanley filed a grievance letter objecting to his demotion, and asserting that he continued to be a victim of retaliation and a hostile work environment.

Mr. Stanley was demoted on January 20, 2017. The petition avers that the demotion was in violation of Mr. Stanley's right to appeal to the Civil Service Commission.

3

On April 20, 2017, Mr. Stanley and another HANO officer followed New Orleans Police officers to the 3200 block of Humanity Street where they were executing search warrants. Mr. Stanley remained in his vehicle because, as he explained, the two individuals were in custody and no further assistance was needed. Lt. Martin arrived at the scene and instructed Mr. Stanley to get out of his vehicle. Mr. Stanley was subsequently informed that he was under investigation for not backing up his partner on the call.

On May 30, 2017, Mr. Stanley was terminated. Mr. Stanley asserts that he was wrongfully terminated without being afforded his rights as a whistleblower and to appeal the disciplinary action guaranteed by La. Const. arts. X § 8, 10, 12, La. R.S. 23:967, *et seq.*, and La. R.S. 42:1169, *et seq.* He further asserts that defendants' failure to grant him the minimum standards guaranteed him by La. R.S. 23:967, *et seq.*, La. R.S. 40:2531, *et seq.*, and La. R.S. 42:1169, *et seq.* makes his termination an absolute nullity.

In response to Mr. Stanley's action, defendants urged exceptions of no cause of action and no right of action, on the grounds that:

a. The Police Officer's Bill of Rights, La. R.S. 40:2531-2535, does not apply to employees of the HANO police department. *Smith v. Housing Authority of New Orleans*, 2017-0038 (La. App. 4 Cir 06/28/17), 2017 La. App. LEXIS 1181, 2017 WL 3426018, *5, *writ denied*. No. 2017-1273 (La. 11/06/17), 229 So. 3d 472;

b. HANO employees are statutorily excluded from Louisiana's civil service system pursuant to La. R.S. 40:539(C)(8)(b). *Smith, supra*;

c. The whistleblower statute contained in the Code of Governmental Ethics, La. R.S. 42:1169, does not provide a private right of action and only can be enforced within the exclusive jurisdiction of the Louisiana Board of Governmental Ethics. *Wilson v. Tregre*, 787 F.3d 322, 328 (5th Cir. 2015); *Nolan v. Jefferson Par. Hosp. Serv. Dist No. 2*, 2001-0175 (La. App. 5 Cir. 6/27/01), 790 So. 2d 725, 732; *Collins v. State ex rel Dep't of Nat. Res.*, 2012-1031 (La. App. 1 Cir. 5/30/13);

d. The Petition fails to allege facts that would support a claim under the general whistleblower statute, La. R.S. 23:967;

e. Because Plaintiff has no right of action and/or no cause of action under civil service rules, the Police Officer's Bill of Rights or the aforesaid whistleblower statutes (La. R.S. 42:1169 and La. R.S. 23:967), he has no right or cause of action under a theory of negligence predicated on purported "failures" to recognize and adhere to the rights and procedures set forth in those statutes;

f. The Petition does not allege facts that would support a cause of action against defendants under one of the two statutory exceptions to their general tort immunity under La. R.S. 9:2798.1;

g. Plaintiff's allegations of lack of due process in his termination fail to establish a plausible action of negligence because Plaintiff was an "at-will" employee of HANO. *See, e.g., Smith, supra* (recognizing HANO officer's employment was an "at-will" position);

h. The Petition fails to plead the "particular grounds" required to support Plaintiff's claim challenging the constitutionality of La. R.S. 40:539(C)(8)(b); and

i. The Petition does not allege any facts that would support recovery of punitive damages.[2]

Defendants' exceptions were brought for hearing on October 14, 2022. The district court ruled from the bench finding in favor of defendants.

Judgment was rendered on November 14, 2022, sustaining the exceptions of no cause of action and no right of action, and dismissing Mr. Stanley's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*; and 3) for alleged violations of La. R.S. 42:1169.

The judgment further sustained defendants' exception of no cause of action, dismissing Mr. Stanley's tort claims for "negligence" and "breach of duties," as well as for punitive damages.

---

[2] Defendants alternatively asserted an exception of lack of subject matter jurisdiction.

5

Finally, the judgment sustained defendants' exception of no cause of action in response to Mr. Stanley's claims under the general whistleblower statute, La. R.S. 23:967, and seeking to declare La. R.S. 40:539(C)(8)(b) unconstitutional pursuant to the Louisiana Constitution. However, Mr. Stanley was granted thirty (30) days to amend his petition to cure the grounds for the exception of no cause of action as to those claims. This appeal followed.

After filing the instant appeal, Mr. Stanley timely filed his First Supplemental and Amending Petition. Defendants' responded by filing an exception of no cause of action in this Court.

On appeal, Mr. Stanley asserts that the trial court erred in sustaining:[3]

1) defendants' exceptions of no cause of action and no right of action and dismissing with prejudice his claims for damages for violations of: a) rights, guarantees, and protections pursuant to La. R.S. 40:2531, *et seq.*; b) rights, guarantees, and protections afforded civil service employees pursuant to La. Const. art. X, § 1, *et seq.*, and State or City of New Orleans Civil Service Rules regarding appeal of a disciplinary action; c) rights, guarantees, and protections afforded to state whistleblowers pursuant to La. R.S. 42:1169 and La. R.S. 23:967; and d) duties based on intentional acts or negligence;[4]

2) defendants' exception of no cause of action and no right of action seeking contribution from HANO to the State Civil Service System; and

3) defendants' exceptions of no cause of action and no right of action and dismissing Mr. Stanley's petition for declaratory judgment regarding the constitutionality of La. R.S. 40:539(C)(8)(b) on its face and as applied to HANO.[5]

---

[3] Mr. Stanley did not raise the dismissal of his claim for punitive damages as an assignment of error.

[4] To clarify, the judgment sustained an exception of no cause of action (not an exception of no right of action) as to Mr. Stanley's claims under La. R.S. 23:967 and his claims for intentional acts/ negligence.

[5] For Mr. Stanley's claims regarding the unconstitutionally of La. R.S. 40:539(C)(8)(b), the judgment sustained defendants' exception of no cause of action (not an exception of no right of action).

We will first discuss the district court's rulings on defendants' exception of no right of action.

**EXCEPTION OF NO RIGHT OF ACTION**

Mr. Stanley seeks review of the district court's judgment sustaining defendants' exception of no right of action and dismissal of his claims for: 1) violations of rights, guarantees, and protections under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) violations of rights, guarantees, and protections afforded civil service employees pursuant to La. Const. art. X, § 1, *et seq.*, and State Civil Service Rules; 3) a declaratory judgment regarding the constitutionality of La. R.S. 40:539(C)(8)(b) on its face and as applied to HANO; and 4) violations of rights, guarantees, and protections afforded whistleblowers pursuant to La. R.S. 42:1169.

*Standard of Review*

Exceptions of no right of action are raised by a peremptory exception, which functions "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. arts. 923 and 927. The function of an exception of no right of action, however, "is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State Dep't of Pub. Safety & Corrs.*, 2003-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. The mover carries the burden of proof on the exception. *Leone v. Ware*, 2017-0638, p. 3 (La. App. 3 Cir. 5/2/18), 246 So.3d 833, 835.

When an appellate court reviews a trial court's ruling on an exception of no right of action, the focus should be "on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in

7

the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256. The court begins its analysis on an exception of no right of action "with an examination of the pleadings." *Leone*, 2017-0638, p. 3, 246 So.3d at 835 (quoting *Howard v. Adm'rs of Tulane Educ. Fund*, 2007-2224, pp. 17-18 (La. 7/1/08), 986 So.2d 47, 60).

A *de novo* standard of review applies to a trial court's ruling sustaining an exception of no right of action. *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009. Because exceptions of no right of action present questions of law, appellate review "involves determining whether the trial court was legally correct in sustaining such exceptions." *Id.*

For the reasons discussed below, pursuant to our *de novo* review, we find the district court properly sustained defendants' exception of no right of action.

### Police Officer's Bill of Rights

Mr. Stanley pled that his rights under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*, were violated because HANO failed to notify him of the minimum standards guaranteed a police officer during an investigation. He further pled that Mr. Anderson and Mr. Fortner actively participated in a retaliatory firing and did not personally grant him the minimum standards guaranteed a police officer and a whistleblower during the investigations pursuant to La. R.S. 23:967, *et seq.*, La. R.S. 40:2531, *et seq.*, and La. R.S. 42:1169, *et seq.* However, as explained below, this Court has held that the Police Officer's Bill of Rights is inapplicable to HANO officers.

In *Smith v. Hous. Auth. of New Orleans*, 2017-0038 (La. App. 4 Cir. 6/28/17), —— So.3d ———, 2017 WL 3426018, Smith, a HANO police officer, sued the same defendants involved in this action, as well as a fellow HANO officer, after being fired. Smith alleged he was wrongfully terminated without civil service protections and that he was terminated because he was a whistleblower. *Smith*, 2017-0038, pp. 1-2, —— So.3d at ———, 2017 WL 3426018, *1.

The defendants filed numerous exceptions, including an exception of no cause of action pertaining to a claim Smith raised pursuant to 42 U.S.C. § 1983. The district court sustained the exception and dismissed Smith's 42 U.S.C. § 1983 claim. *Smith*, 2017-0038, p. 2, —— So.3d at ———, 2017 WL 3426018, *1. On appeal, the *Smith* Court rejected an ancillary argument raised by Smith: that as a whistleblower, he was wrongfully denied the protections provided by the Police Officer's Bill of Rights.

The Court in *Smith* explained that the definition of a "police employee" provided in La. R.S. 40:2531 excludes HANO officers. More specifically, we held:

> La. R.S. 40:2531applies:
>
>> only to police employees as defined by R.S. 40:1372(5), Louisiana P.O.S.T. certified probation and parole officers employed by the Louisiana Department of Public Safety and Corrections, division of probation and parole, and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation ....
>
> La. R.S. 40:1372(5) provides that a " '[p]olice employee' means any employee who is assigned to police work as a peace officer pursuant to R.S. 40:1379." Further, La. R.S. 40:1379 outlines the duties and powers of state police employees. Mr. Smith does not belong to the class of persons protected by La. R.S. 40:2531. He was not a state police employee, a "police

9

employee," a "probation and parole officer", or a law enforcement officer employed by a municipality or state-supported college/university. *See* La. R.S. 40:2531, 40:1372(5), and 40:1379. HANO is "a public body, corporate and politic, previously established, or to be established, by a municipality or a parish ... exercising necessary and essential governmental functions for the purposes ... in matters of statewide concern, although its operations are local in nature." La. R.S. 40:384(16). *See also* La. R.S. 40:383. As such, he is not entitled to the protections outlined in the Police Officer's Bill of Rights.

*Smith*, 2017-0038, —— So.3d at ——, 2017 WL 3426018, *5.

More recently, following *Smith*, we held that "a HANO police officer ... does not have a right of action under the Police Officer's Bill of Rights because he does not belong to the class of persons protected by La. [R.S.] 40:2531." *Scott v. Hous. Auth. of New Orleans*, 2022-0728, p. 9 (La. App. 4 Cir. 4/18/23), 360 So.3d 607, 614; *Thompson v Hous. Auth. of New Orleans*, 2022-0729 pp. 9-10 (La. App. 4 Cir. 5/26/23), 368 So.3d 560, 567.

In line with this Court's prior holdings, we find that as a HANO police officer, Mr. Stanley does not have a right of action under the Police Officer's Bill of Rights. Thus, this assignment of error is without merit.

### Civil Service Claims and La. R.S. 40:539(C)(8)(b)

Mr. Stanley asserts that he has the right to bring civil service claims under La. Const. art. X, § 1, *et seq.*[6] In his petition, he pled that during the course of HANO's investigation, he was not given the protections guaranteed to civil service

---

[6] La. Const. art. X, § 1 provides:

State Civil Service. The state civil service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include members of the state police service as provided in Part IV of this Article or persons holding offices and positions of any municipal board of health or local governmental subdivision.

employees. Mr. Stanley further pled that he believed "the position of a HANO police officer/sergeant and his/her supervisors who enforce the police powers of Louisiana reserved to the States by the U.S. Constitution are classified civil service positions as defined in La. Const. art. X § 2 and La. R.S. 40:539(8)(a)." He maintains that "HANO's policy of excluding a HANO police officer from all of the protections afforded an employee by civil service violates La. Const. art. X § 2 on its face and as applied in this case." Lastly, Mr. Stanley asserts that he was terminated without being afforded his right to appeal the disciplinary action guaranteed by La. Const. art. X, §§ 8, 10, and 12.

HANO employees are specifically excluded from the state civil service pursuant to La. R.S. 40:539(C)(8)(b), which provides:

> Notwithstanding any provision of Subparagraph (a) of this Paragraph or of any other law to the contrary, the Housing Authority of New Orleans shall not be considered to be an instrumentality of the state for purposes of Article X, Section 1(A) of the Constitution of Louisiana, and employees of the authority shall not be included in the state civil service.

While we recognize that Mr. Stanley challenges the constitutionality of La. R.S. 40:539(C)(8)(b), he does not currently have a right to levy a state civil service claim.

Additionally, Mr. Stanley assigns as error the district court's sustaining of defendants' exception of no right of action and no cause of action as to his claim of the unconstitutionality of La. R.S. 40:539(C)(8)(b), and his general whistleblower claim under La. R.S. 23:967, dismissing these claims. However, Mr. Stanley misinterprets the November 14, 2022 judgment, which only sustained defendants' exception of no cause of action regarding these claims and granted him thirty (30) days to amend. The district court did not dismiss these claims. Furthermore, for

11

the reasons stated below, we lack jurisdiction to consider that portion of the judgment allowing Mr. Stanley leave to amend said claims.

In his second assignment of error, Mr. Stanley asserts that the district court erred in sustaining defendants' exception of no cause of action and no right of action, seeking contribution from HANO to the State Civil Service System. Nevertheless, the November 14, 2022 judgment includes no such ruling. Regarding Mr. Stanley's civil service claims, the judgment states that defendants' "exceptions of no cause of action and no right of action urged in response to Plaintiff's claims for alleged violations of rights, procedures and protections afforded to classified civil service employees, La. Const. art. X, § 1, *et seq*.," are sustained and those claims are dismissed with prejudice.

Moreover, because HANO is excluded from the State Civil Service under La. R.S. 40:539(C)(8)(b), it follows that HANO does not and did not have an obligation to contribute to the State Civil Service System at the time of Mr. Stanley's employ. This assignment of error is without merit.

Mr. Stanley does not have a right of action to raise classified civil service claims under La. Const. art. X, § 1, *et seq*. These assignments of error are without merit.

### *Whistleblower Protection*

In his petition, Mr. Stanley alleged that defendants violated La. R.S. 42:1169 by: terminating him from his employment without affording him "his rights as a whistle blower" and failing to grant him "the minimum standards guaranteed him by . . . La. R.S. 42:1169, et seq.," thereby making his termination an absolute nullity.

Mr. Stanley argues that he can raise a whistleblower claim under La. R.S. 42:1169, *et seq.*, because the statute protects public employees from reprisals when they report information they reasonably believe indicates a violation of law or rule, or any acts of impropriety related to the scope of duties of public employment. He asserts that as a HANO police officer, he is a public employee who can file a claim for damages as a whistleblower because he is a wrongfully terminated state employee and is entitled to reinstatement and to receive any lost income and benefits for the period he was terminated, under La. R.S. 42:1169(B)(2)(a). Mr. Stanley misinterprets his rights under La. R.S. 42:1169.

La. R.S. 42:1169 is a statute that comprises a part of the Code of Governmental Ethics, La. R.S. 42:1101, *et seq*. The Code of Governmental Ethics establishes the Board of Ethics and further provides that it has the power to enforce the provisions contained in the Code of Ethics. Specifically, La. R.S. 42:1132, provides in pertinent part:

> C. Jurisdiction. The Board of Ethics shall administer and enforce the provisions of this Chapter[7] and the rules, regulations, and orders issued hereunder with respect to public employees and elected officials, including final decisions of the Ethics Adjudicatory Board. [Footnotes omitted].

Furthermore, La. R.S. 42:1169 provides directives for reporting acts of reprisals to the Board of Ethics and also sets forth how the Board of Ethics will proceed with investigating such acts. Section (B)(1)(a) of La. R.S. 42:1169 states that any acts of reprisal taken against whistleblowers shall be reported to the Board of Ethics:

> [i]f any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of

---

[7] The chapter referred to herein is Chapter 15, entitled *Code of Governmental Ethics*.

13

reprisal for reporting an alleged act of impropriety in violation of this Section, the public employee shall report such action to the board.

Moreover, La. R.S. 42:1169(C) sets forth the investigation process for the Board of Ethics as follows:

> The board shall provide written notice of the commencement of an investigation of a report of a violation of this Section to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than ten days prior to the date set for the investigation. If the board determines, following an investigation, that it shall offer a consent opinion or conduct a public or private hearing to receive evidence and determine whether any violation of this Section has occurred, the board shall provide written notice of the hearing or consent opinion to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than sixty days prior to the date set for the action by the board. The employee's agency shall cooperate in every possible manner in connection with any investigation conducted by the board. The agency shall be considered to be an indispensable party to any investigation, hearing, or consent opinion and may have legal counsel, cross-examine witnesses, call witnesses, and present evidence on its behalf.

In *Scott*, we stated:

> Considering that it is within the Board of Ethics' purview to "administer and enforce" the Code of Ethics and that the purpose of reporting claims to the Board of Ethics is for the board itself to investigate the reported claims, [a public employee] does not have the right to directly bring an action for an alleged violation of La. Rev. Stat. 42:1169. [His] statutory remedy is to allow the Board of Ethics to complete its investigation of the complaint he lodged pursuant to the procedures set forth within the Code of Ethics.

*Scott*, 2022-0728, pp. 13-14, 360 So.3d at 616-17; *See also Thompson,* 2022-0729, p. 14, 368 So3d at 569.

Mr. Stanley does not have the right to bring an action in a court of law for an alleged violation of La. R.S. 42:1169. His statutory remedy is to allow the Board of Ethics to complete its investigation of the complaint he lodged pursuant to the

14

procedures set forth within the Code of Ethics. The district court did not err in granting defendants' exception of no right of action and dismissing Mr. Stanley's whistleblower claim under La. R.S. 42:1169. This assignment of error is without merit.

Finally, for the reasons discussed above, we affirm the district court's judgment sustaining defendants' exception of no right of action and the dismissal of the following claims of Mr. Stanley: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*; and 3) violations of rights, guarantees, and protections afforded to state whistleblowers pursuant to La. R.S. 42:1169. Because we affirm the district court's dismissal of these claims, we pretermit discussion of Mr. Stanley's assignments of error pertaining to the sustaining of defendants' exception of no cause of action and the dismissal of these identical claims. Those assignments of error are rendered moot.

**EXCEPTION OF NO CAUSE OF ACTION**

Below we address Mr. Stanley's assignments of error pertaining to the district court's rulings sustaining defendants' exception of no cause of action as to his claims for intentional acts and negligence as well as Mr. Stanley's claim seeking to declare La. R.S. 40:539(C)(8)(b) unconstitutional and his general whistleblower claim under La. R.S. 23:967.

***Intentional Acts and Negligence***

Mr. Stanley seeks review of the district court's ruling, sustaining defendants' exception of no cause of action and dismissing his tort claims for negligence and breach of duties. In his petition, Mr. Stanley pled that Mr. Anderson and Mr.

15

Fortner were liable for negligence and breach of duties, asserting that certain actions were taken against him in retaliation for the initial complaint made against Mr. Anderson. He further asserted that HANO is liable under the theory of respondeat superior.[8]

In response, defendants assert that they are entitled to general tort immunity under La. R.S. 9:2798.1, entitled *Policymaking or discretionary acts or omissions of public entities or their officers or employees*, which provides in pertinent part:

> A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
>
> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:

---

[8] Mr. Stanley alleged that HANO: failed to document policies and procedures consistent with the State of Louisiana's laws and Constitution; failed to include Mr. Stanley and HANO police officers in a classified position under the jurisdiction of the State Civil Service System; failed to grant Mr. Stanley all of the rights and privileges guaranteed to him under the laws and Constitution of the State of Louisiana; wrongfully terminated him without due process and granting him whistleblower status; failed to protect his rights as a whistleblower and a peace officer; failed to properly supervise Mr. Anderson and Mr. Fortner; failed to prevent a retaliatory firing; and any other acts of negligence and breach of duties established at trial.

He pled that Mr. Anderson: failed to guarantee him his rights provided under Louisiana law and its Constitution; failed to timely and properly investigate his complaints and grant him whistleblower status; failed to timely take corrective action to protect his rights under Louisiana law; failed to properly supervise HANO police officers; fired him in retaliation; and any other acts of negligence and breach of duties established at trial.

Lastly, he pled that Mr. Fortner: failed to guarantee him his rights provided under Louisiana law and its Constitution; wrongfully terminated him without due process and protection as a whistleblower; fired him in retaliation; failed to properly supervise Mr. Anderson; failed to document policies and procedure placing HANO police officers under the State Civil Service Commission's jurisdiction; failed to document policies and procedure guaranteeing Mr. Stanley and HANO police officers minimum due process standards and whistleblower protection procedures to be followed by HANO personnel when investigating HANO police officers; and any other acts of negligence and breach of duties established at trial.

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Defendants argue that Mr. Stanley failed to allege in his petition any acts by defendants that would fall into the exception from general tort immunity described in La. R.S. 9:2798.1(C)(2). In other words, they maintain that Mr. Stanley failed to sufficiently plead that defendants engaged in "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" acts or omissions. We disagree in part.

***Standard of Review***

A district court's ruling on an exception of no cause of action is reviewed by appellate courts using the *de novo* standard of review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. *Herman v. Tracage Dev., L.L.C.*, 2016-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939. All well-pleaded allegations of fact are accepted as true. *Jackson v. City of New Orleans*, 2012-2742, p. 24 (La. 1/28/14), 144 So.3d 876, 895. "[T]he issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. "Liberal rules of pleading prevail in Louisiana, and when it can reasonably do so, a court should maintain a petition to allow a plaintiff to present his case." *S.K. Whitty & Co. v. Laurence L. Lambert & Assocs.*, 576 So.2d 599, 601 (La. App. 4th Cir. 1991).

Only well-pleaded allegations of fact are accepted as true. *Strategic Med. All. II v. State*, 2022-0051, p. 6 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 59. "The adjective 'well-pleaded' refers to properly pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. It does not include allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Id*.

Here, we find that Mr. Stanley alleged his tort claims for negligence and breach of duties in a conclusory manner. Nevertheless, pursuant to our *de novo* review, and as we determined in *Scott* and *Thompson*, we further find that Mr. Stanley's allegations of retaliatory firing against defendants indicate that their actions or omissions *may* constitute malicious, intentional, and/or willful misconduct, to which defendants would not be afforded general immunity under La. R.S. 9:2798.1(C)(2). Therefore, we affirm the district court's ruling sustaining defendants' exception of no cause of action as to these claims. However, we reverse the district court's dismissal of these claims, finding that Mr. Stanley should be granted leave to file an amended petition to cure the grounds for defendants' exception, if possible, pursuant to La. C.C.P. art. 934.[9] Thus, we remand this matter in part, for the district court to allow Mr. Stanley leave to amend his tort claims for negligence and breach of duties.

***Amended Claims***

As stated above, the district court granted defendants' exception of no cause of action as to Mr. Stanley's claims of unconstitutionality under La. R.S. 40:539(C)(8)(b) and his general whistleblower claim under La. R.S. 23:967, but

---

[9] When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934.

allowed him to amend his petition as to these claims. Mr. Stanley assigns as error the district court's ruling pertaining to these claims. However, we lack jurisdiction to consider this issue.

A judgment granting an exception of no cause of action, but providing leave to amend the petition is not a final judgment or an interlocutory judgment subject to appeal. Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided by La. C.C.P. art. 934. *McGaha v. Franklin Homes, Inc*., 2021-0244, p. 45 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 869-70. (internal citations omitted).

Applying the holding of *McGaha* to the instant matter, we find that the November 14, 2022 judgment is not final as it pertains to sustaining defendants' exception of no cause of action as to Mr. Stanley's unconstitutionality claim under La. R.S. 40:539(C)(8)(b) and his general whistleblower claim under La. R.S. 23:967, because he was granted leave to amend these claims. Therefore, we dismiss Mr. Stanley's appeal in part because we lack jurisdiction to consider this remaining assignment of error.

**EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL**

On appeal, defendants re-urged their exception of no cause of action in response to Mr. Stanley's amended petition. They contend that the petition, as amended, still fails to state a cause of action concerning the alleged unconstitutionality of La. R.S. 40:539(C)(8)(b) and fails to allege sufficient facts to support a whistleblower claim under La. R.S. 23:967.

As explained above, the district court still has jurisdiction over that portion of the November 14, 2022 judgment, allowing Mr. Stanley leave to amend his petition. Consequently, we decline to consider the exception, finding it more

19

appropriate to allow the district court to review the amended petition and consider any exceptions defendants may raise thereto.

**DECREE**

For the foregoing reasons, we affirm the November 14, 2022 judgment in part and uphold the district court's grant of defendants' exception of no right of action and dismissal of Mr. Stanley's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq*.; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq*.; and 3) for alleged violations of La. R.S. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics).

We further affirm in part the district court's ruling, sustaining defendants' exception of no cause of action as to Mr. Stanley's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims and remand this matter in part for further proceedings, with instructions to the district court to allow Mr. Stanley leave to amend his tort claims for negligence and breach of duties pursuant to La. C.C.P. art. 934.

Moreover, we dismiss Mr. Stanley's appeal in part because we lack jurisdiction to consider that portion of the judgment sustaining defendants' exception of no cause of action as to Mr. Stanley's unconstitutionality claim under La. R.S. 40:539(C)(8)(b) and his general whistle blower claim pursuant to La. R.S. 23:967, and allowing him leave to amend those claims.

Lastly, defendants' exception of no cause of action raised on appeal is denied.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART; APPEAL DISMISSED IN PART; EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL DENIED**